UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CITIZENS BANK, N.A.**<br><br>    **Plaintiff,**<br><br>-against-<br><br>**GREGORY LYONS,**<br><br>    **Defendant.** | Case No: 6:20-cv-06977<br><br><u>ORDER</u> |

On December 11, 2020, the Court received a letter, ECF No. 26, from Plaintiff Citizens Bank, N.A. ("Citizens") requesting that the Court set a deadline for Defendant Gregory Lyons ("Lyons") to comply with the second paragraph of the Court's December 3, 2020 Preliminary Injunction Order, ECF No. 24. The second paragraph of the Preliminary Injunction Order directed Lyons to

> immediately return to Citizens the following property: (i) any and all master keys in Lyons' possession, custody, or control that grant or enable access to Citizens' facilities, branches, or other Citizens-affiliated buildings; (ii) any and all core keys (i.e., keys that enable the removal of lock cores/cylinders) in Lyons' possession, custody, or control that grant or enable access to Citizens' facilities, branches, or other Citizens-affiliated buildings; (iii) the Apple iPad that Citizens provided to Lyons during his employment therewith; (iv) two mobile phones that Citizens provided to Lyons during his employment therewith; and (iv) three GPS units that Citizens provided to Lyons during his employment therewith.

ECF No. 24 at 2.

As of the date of this Order, Lyons has failed to comply with the second paragraph of the Preliminary Injunction Order despite having had almost two weeks to do so. In addition, Lyons (1) failed to submit any response in opposition to Citizens' application for a preliminary injunction and temporary restraining order; (2) has failed to otherwise appear in this matter despite having been served with the Complaint, application for a preliminary injunction and a temporary

1

restraining order, and other filings; and (3) did not appear at the hearing conducted on Citizens' motion for a preliminary injunction and a temporary restraining order despite his presence having been ordered by this Court, and such order having been issued to Lyons via United States Mail and via email.

"Clarifications of orders previously issued, which may be obtained on motion or made *sua sponte* by the court, add certainty to an implicated party's efforts to comply with the order and provide fair warning as to what future conduct may be found contemptuous." *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1984); *see also Famous Joe's Pizza, Inc. v. Famous Joe's Pizza of Vill., Inc.*, 17 Civ. 06541 (BMC), 2018 WL 1796544, at *2 (E.D.N.Y. April 16, 2018). "The Second Circuit has stated that a district court's decision whether to modify a preliminary injunction involves an exercise of the same discretion that a court employs in an initial decision to grant or deny a preliminary injunction." *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, No. 96 Civ. 9721PKLTHK, 98 Civ. 0123PKLTHK, 01 Civ. 9645PKLTHK, 2006 WL 90062, at *4 (S.D.N.Y. Jan. 12, 2006) (citation & internal quotation marks omitted).

Based upon the foregoing, and based upon Citizens' application supporting its Preliminary Injunction Motion, ECF Nos. 4, 7, 8, and the Court's findings at the preliminary injunction hearing held on December 2, 2020, ECF No. 23, the Court **ORDERS** that, in addition to the directives in the December 3, 2020 Preliminary Injunction Order, Lyons must comply with the second paragraph of that Order by **December 18, 2020 at 12:00PM.** Should Lyons fail to comply, the Court would entertain a motion for contempt or may consider the propriety of issuing such relief *sua sponte*. *See Cintron v. Vaughn*, No. 3:69cv13578 (EBB), 2007 WL 4240856, at *9 (D. Conn. Nov. 29, 2007).

**SO ORDERED.**

Dated: Rochester, New York

December 16, 2020

                                                                   _____
                                                                   HON. FRANK P. GERACI, JR.
                                                                   CHIEF UNITED STATES DISTRICT JUDGE